UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1007-R |
| ) | |
| GEO GROUP INC., ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Plaintiff Eric Juan Ford, an Oklahoma state prisoner appearing pro se, has initiated the present action against GEO Group, Inc. ("GEO"), bringing a claim of negligence and invoking the Court's jurisdiction under 28 U.S.C. § 1332. *See* Am. Compl. (Doc. No. 14).[1] United States District Judge David L. Russell has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. The undersigned has reviewed the pleading and recommends dismissal without prejudice for the reasons outlined below.

*I. Standard of Review*

The Court is required to review all actions brought by incarcerated persons and, as is true of any civil action, dismiss any claim or suit for which subject-matter jurisdiction is lacking. *See* LCvR 9.2(c); Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 & n.3 (10th Cir. 2014).

---

[1] Pursuant to Plaintiff's express request, the undersigned has considered Plaintiff's Amended Complaint rather than his initial, now-superseded Complaint (Doc. No. 1). *See* Pl.'s Mot. Prelim. Review of Am. Compl. (Doc. No. 17).

*See generally 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation." (internal quotation marks omitted)). Although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. *Plaintiff's Amended Complaint*

In his pleading, Plaintiff alleges that he is housed at one of Defendant GEO's prison facilities and that GEO is liable on the basis of negligence per se under Oklahoma state law for failing to properly provide medical care to Plaintiff. *See* Am. Compl. at 2-3. Plaintiff alleges that the Court has subject-matter jurisdiction based upon an amount in controversy exceeding $75,000 and upon "diversity of citizenship of the parties." *Id.* at 1; *see* 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of Oklahoma. *See* Am. Compl. at 1. Plaintiff further alleges: "Defendant is a corporation incorporated under the laws of the State of Florida having its principal place of business in the State of Oklahoma." *Id.*

Because "federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The Court "must look to the face of the complaint, ignoring mere

2

conclusory allegations of jurisdiction." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 8(a)(1) (prescribing that a pleading for relief must contain "a short and plain statement of the grounds for the court's jurisdiction").

Plaintiff's pleading does not establish that the Court has subject-matter jurisdiction over this action—to the contrary, Plaintiff's specific allegations support the conclusion that jurisdiction is lacking and, thus, dismissal is required under Federal Rule of Civil Procedure 12(h)(3). The "diversity jurisdiction" statute provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The statute further prescribes that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). Thus, accepting that Plaintiff is an Oklahoma citizen, Plaintiff must—to establish diversity jurisdiction—plead facts showing that Oklahoma is neither GEO's state of incorporation *nor* its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Plaintiff affirmatively pleads that GEO has its principal place of business in Oklahoma. *See* Am. Compl. at 1. Plaintiff's allegations thus preclude a finding that the parties are "citizens of different States," defeating rather than invoking the Court's diversity jurisdiction under § 1332. *See* 28 U.S.C. § 1332(a)(1), (c)(1). Further, Plaintiff "makes no reference to any federal law" and does not reasonably implicate the Court's jurisdiction under 28 U.S.C. §§ 1331 or 1343(a), or otherwise. *Harris*, 551 F. App'x at

3

452 (internal quotation marks omitted). The Court therefore is required to dismiss this action. *See* Fed. R. Civ. P. 12(h)(3); *Harris*, 551 F. App'x at 451-52 (upholding district court's sua sponte dismissal for lack of subject-matter jurisdiction).

RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of May, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE