# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1007-R ) |
| GEO GROUP INC., | ) ) |
| Defendant. | ) |

## ORDER

Proceeding under diversity jurisdiction, Plaintiff commenced this action against Defendant GEO Group Inc., alleging negligence *per se*. On May 31, 2016, Magistrate Judge Charles B. Goodwin issued a Report and Recommendation wherein he recommended that Plaintiff's Motion be denied for lack of subject-matter jurisdiction. Doc. No. 18. Plaintiff filed an objection to the Report and Recommendation [Doc. No. 19], giving rise to the Court's obligation to conduct a *de novo* review of any issue to which he makes specific objection. Having so reviewed, the Court hereby ADOPTS the Report and Recommendation in its entirety.

Judge Goodwin found that diversity jurisdiction was lacking from the face of Plaintiff's Amended Complaint. Plaintiff, admittedly an Oklahoma citizen, affirmatively pled that GEO's principal place of business was in Oklahoma. Doc. No. 18 at 3, citing Doc. No. 14, at 1. Because a corporation is a citizen of the state where its principal place of business is, 28 U.S.C. § 1332(c)(1), Judge Goodwin concluded that GEO, like Plaintiff, was a citizen of Oklahoma and diversity was not present. Doc. No. 18.

Plaintiff objects, contending that Judge Goodwin overlooked that part of his Amended Complaint that apparently stated that "Defendant is a corporation incorporated under the laws of the State of Florida having its principal place of business in [sic] a State *other than* the State of Oklahoma." Doc. No. 19-1, at 1 (emphasis added).[1] The Court, in the course of its *de novo* review, examined the Amended Complaint. The first allegation in Plaintiff's Amended Complaint states that: "Defendant is a corporation incorporated under the laws of the State of Florida having its principal place of business in the State of Oklahoma." Doc. No. 14, at 1, ¶ 1. There is no other allegation in the Amended Complaint that contradicted or clarified the above-quoted language or stated that GEO's principal place of business was any place *other* than Oklahoma, as Plaintiff represents in his Objection. Nor does Plaintiff argue in his Objection that his allegations regarding GEO's principal place of business were inaccurate or mistaken.[2] Because the arguments in Plaintiff's Objections are directly contradicted by his own pleading, the undersigned concurs with Judge Goodwin that diversity, and in turn subject-matter jurisdiction, are lacking.[3]

---

[1] Plaintiff's use of "sic" is unclear and while the Court construes Plaintiff's *pro se* filings liberally, it will not create arguments on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff handwrote his pleading using all capital letters. For readability, the Court quotes Plaintiff's pleading in sentence-case.

[3] Plaintiff conversely contends that Judge Goodwin's decision was contrary to law, but provides no basis for that contention. This argument therefore does not preclude adoption of Judge Goodwin's Report and Recommendation.

In accordance with the foregoing, the Report and Recommendation is hereby ADOPTED and Plaintiff's Amended Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

IT IS SO ORDERED, this 22nd day of June, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE