UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ERIC JUAN FORD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1007-R |
| GEO GROUP INC., | ) ) ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Eric Juan Ford, an Oklahoma state prisoner appearing pro se, filed an Amended Complaint against GEO Group, Inc. ("GEO"), bringing a claim of negligence and invoking the Court's jurisdiction under 28 U.S.C. § 1332. *See* Am. Compl. (Doc. No. 14). On screening, the Court found that Plaintiff had failed to plead the necessary diversity of citizenship, depriving the Court of subject-matter jurisdiction, but allowed Plaintiff an opportunity to amend his pleading. *See* Order (Doc. No. 23). Plaintiff complied, and currently before the Court is his Second Amended Complaint, again invoking § 1332 and bringing a negligence claim against GEO. *See* Second Am. Compl. (Doc. No. 26). United States District Judge David L. Russell has re-referred the matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. Defendant has moved for dismissal, *see* Def.'s Mot. to Dismiss (Doc. No. 33), Plaintiff has responded, *see* Pl.'s Resp. (Doc. No. 35), and Defendant has replied, *see* Def.'s Reply (Doc. No. 37). The undersigned has reviewed the filings and recommends the Court dismiss the Second Amended Complaint without prejudice for the reasons outlined below.

I.   *Standard of Review*

Defendant challenges the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff failed to allege compliance with the notice provision of the Oklahoma Governmental Tort Claims Act ("GTCA"). *See* Def.'s Mot. to Dismiss at 1, 3-4.[1] Because Defendant makes a facial attack on the Second Amended Complaint, this Court must accept the allegations in that pleading as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining the distinction between facial and factual attacks on subject-matter jurisdiction and holding that when examining a facial attack, the court must presume that the factual allegations in the complaint are true).

II.   *Analysis*

Proceeding under diversity of citizenship, Plaintiff brings suit in this Court alleging that he is housed at one of Defendant GEO's prison facilities and that GEO is liable under Oklahoma law for negligently failing to provide him proper medical care. *See* Second Am. Compl. at 1-2 (characterizing claim as negligence per se). Defendant moves for dismissal on the ground that Plaintiff failed to allege compliance with the GTCA's notice requirement and that this failure deprives the Court of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss at 3-4. In response, Plaintiff argues that the GTCA does not preclude his negligence per se claim against GEO. *See* Pl.'s Resp. at 6-9. The undersigned agrees with Defendant and recommends the Court dismiss the Second Amended Complaint without prejudice.[2]

---

[1] Citations to the parties' filings refers to this Court's CM/ECF pagination.

[2] Because the Court lacks jurisdiction over Plaintiff's claim, the undersigned has not

A. The GTCA's Notice Requirement

Under Oklahoma law, "'[t]he GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort.'" *Benshoof v. Niles*, 380 P.3d 902, 905 (Okla. Civ. App. 2016). Oklahoma has extended the GTCA to apply to private correctional employees and entities. *See* Okla. Stat. tit. 57, § 566.4; *see also Bd. of Cty. Comm'rs of Cty. of Bryan v. Okla. Dep't of Corr.*, 362 P.3d 241, 249 n.6 (Okla. Civ. App. 2015). Relevant here, section 156 of title 51 of the Oklahoma Statutes "provides [that] the first step in bringing an authorized suit under the GTCA is notice. Valid notice of the claim must be given . . . within one year of the alleged tort injury." *Hill v. State ex rel. Bd. of Regents of Univ. of Okla.*, 367 P.3d 524, 526 (Okla. Civ. App. 2016); *see* Okla. Stat. tit. 51, § 156(A), (B). Failure to provide notice deprives this Court of subject-matter jurisdiction. *See Stout v. United States*, No. 15-cv-379-WPJ, 2016 WL 4083500, at *2 (W.D. Okla. Aug. 1, 2016) (addressing defendant's argument that plaintiff failed to allege compliance with the GTCA notice requirement and holding that "timely notice of the tort claim is a jurisdictional prerequisite to bringing suit"); Okla. Stat. tit. 51, § 157(B) ("No action for any cause arising under [the GTCA] shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section.").

---

addressed Defendant's alternative argument for dismissal.

B. <u>Plaintiff's Failure to Allege Notice</u>

As Defendant asserts, Plaintiff in his Second Amended Complaint fails to allege facts from which the Court could conclude that Plaintiff complied with the GRCA's notice requirement. *See* Sec. Am. Compl. *passim*; Def.'s Mot. to Dismiss at 3. In his response, Plaintiff does not dispute that observation; nor does he assert that notice was made. Instead, he argues his claim is proper under *Howard v. Zimmer, Inc.*, 299 P.3d 463 (Okla. 2013). *See* Pl.'s Resp. at 6-9. Plaintiff misreads *Howard*.

In *Howard*, the plaintiff "assert[ed] that Oklahoma law [would] allow a claim for negligence per se to proceed based on the violation of a federal regulation." *Howard*, 299 P.3d at 467. The defendant disagreed, arguing "that federal regulations are not the type of law which should give rise to negligence per se claims." *Id.* The Tenth Circuit certified a question to the Oklahoma Supreme Court, asking:

> Whether 21 U.S.C. 3372 of the Federal Food, Drug, and Cosmetic Act (FDCA), providing that all violations of the Act shall be prosecuted in the name of the United States, prohibits Oklahoma from recognizing a claim for negligence per se based on violation of a federal regulation under the Medical Device Amendments (MDA) to the FDCA?

*Id.* at 465 (footnotes and citation omitted). In answer, the Oklahoma Supreme Court explained: "The negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties. When courts adopt statutory standards for causes of action for negligence, the statute's violation constitutes negligence per se." *Id.* at 467. The Oklahoma Supreme Court then held that it joins "those jurisdictions which would allow a negligence per se claim to proceed" based on the alleged violation of a federal statute. *Id.* at 472-73.

4

This holding is inapplicable to the present question. At issue here is Defendant's argument that Plaintiff failed to allege he gave the required *notice* on his negligence per se claim, not whether such a claim can be premised on violation of a federal statute. Indeed, Plaintiff's negligence per se claim is not even based on a violation of federal law but a violation of state law. *See* Sec. Am. Compl. at 1-2; Pl.'s Resp. at 15 ("Plaintiff alleges that Defendant GEO is or was negligent per se for failing to follow 57 Okla. St. Ann. § 561.3."). The Oklahoma Supreme Court in *Howard* did not exempt negligence per se claims from the GTCA's notice requirement. *See Howard*, 299 P.3d at 463-77.

In sum, Plaintiff's pleading does not establish that he provided the notice required by the GTCA and therefore does not establish that this Court has subject-matter jurisdiction over the action. The Court therefore is required to dismiss this action without prejudice. *See* Fed. R. Civ. P. 8(a)(1), 12(b)(1); *Simington v. Parker*, 250 P.3d 351, 358-59 (Okla. Civ. App. 2011) (affirming the district court's dismissal of plaintiff's tort claim where his petition was "silent as to whether he, in fact, followed the notice provision of the GTCA and timely filed his petition after denial of the claim" but remanding with instructions to dismiss without prejudice (internal quotation marks omitted)); *see also, e.g., Dorrough v. GEO Group, Inc.*, CIV-14-1389-D, 2016 WL 3829142, at *8-11 (W.D. Okla. July 12, 2016) (dismissing tort claim against GEO Group, Inc. under Rule 12(b)(1) because plaintiff's failure to comply with the GTCA notice provision deprived the court of jurisdiction).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss Plaintiff's Second Amended Complaint without prejudice for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 14, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 24th day of August, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE