# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC JUAN FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1007-R |
| | ) | |
| GEO GROUP INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin recommending that Defendant's Motion to Dismiss be GRANTED. [Doc. 43]. Plaintiff has objected. [Doc. 144]. The Court reviews the Report and Recommendation de novo in light of Plaintiff's objection and grants Defendant's Motion to Dismiss.

## I. Background

Plaintiff Eric Juan Ford, a pro se Oklahoma state prisoner, filed this Second Amended Complaint against GEO Group, Inc. ("GEO") for negligence. [Doc. 26]. The Court found that Plaintiff's first complaint failed to assert proper diversity jurisdiction, and it granted leave to amend. [Doc. 23]. The Court referred Plaintiff's Second Amended Complaint to the Magistrate Judge. [Doc. 27]. Defendant moved to dismiss, arguing that Plaintiff has failed to comply with the Governmental Tort Claims Act's ("GTCA") notice provisions, thereby depriving the Court of jurisdiction. [Doc. 33]. *See* Okla. Stat. tit. 57,

1

§ 566.4 (citing tit. 51, § 151 et seq.). Plaintiff responded that the Court has jurisdiction over his negligence per se claim. [Doc. 35]. Defendant replied that while diversity jurisdiction is proper, the GTCA's notice provision still bars the Court from hearing Plaintiff's claim. [Doc. 37]. The Magistrate Judge reviewed the filings and recommended that the Court dismiss Plaintiff's claim for failure to demonstrate proper notice under the GTCA. [Doc. 43]. Plaintiff objected, arguing that the State is exempt from tort liability under the GTCA and the Court maintains subject matter jurisdiction. [Doc. 44].

## II. Standard of Review

A complaint may be dismissed upon motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 (2007)); *see Aschcroft v. Iqbal,* 556 U.S. 662, 676–80 (2009). The plaintiff cannot merely give "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Such conclusory allegations are not entitled to the court's presumption for the plaintiff. Instead, the plaintiff must plead facts that at least makes the claims plausible and raise the "right of relief above the speculative level." *Id.* at 558.

## III. Jurisdiction

Plaintiff correctly notes that subject matter jurisdiction is proper, but fails to overcome the lack of required notice under the GTCA. To appear in federal court, the

parties must affirmatively demonstrate subject matter jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. Subject matter jurisdiction exists in federal question cases or those in which the parties are diverse. *See id.* Plaintiff's Second Amended Complaint properly asserts diversity jurisdiction—Plaintiff is an Oklahoma citizen and Defendant is a Florida corporation with its principal place of business in Florida. [Doc. 26]. Therefore, Plaintiff correctly asserts subject matter jurisdiction.

Whereas subject matter jurisdiction is a Constitutional requirement, the GTCA imposes an additional statutory requirement lacking in this case: notice. The GTCA provides a limited waiver of state sovereign immunity.[1] *See* Okla. Stat. tit. 51, § 156. Its notice provisions apply to "any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a government contract." Okla. Stat. tit. 57, § 566.4(B)(2). The claimant must provide written notice within one year after loss that states "the date, time, place and circumstances of the claim, the identity of the [government contractor] involved, the amount of compensation or other relief demanded," the claimant's identifying information, and their healthcare information. Okla. Stat. tit. 51, § 156. The claimant can only then initiate a suit within 180 days after their claim has been "denied in whole or in part." *Id.* at § 157; s*ee Dorrough v. Geo Grp., Inc.*, No. CIV-14-1389-D, 2016 WL 3829142, at *8 (W.D. Okla. July 12, 2016)*; Hall v. GEO*

---

[1] Courts differ as to whether state sovereign immunity presents a jurisdictional limitation asserted under Fed. R. Civ. Pro. 12(b)(1) and (12)(b)(2) or a quasi-jurisdictional prerequisite to bringing a suit asserted under Rule 12(b)(6). *See* Note, *How to Assert State Sovereign Immunity Under the Federal Rules of Civil Procedure*, 69 Van. L. Rev. 761, 796–800. Plaintiff's case also differs somewhat in that Defendant, as a private contractor with the State, only maintains statutory immunity, not Eleventh Amendment sovereign immunity. Nonetheless, given Plaintiff's lack of GTCA notice, his claim fails under both a subject matter jurisdictional approach and a quasi-jurisdictional approach.

*Group, Inc.*, 324 P.3d 399, 400–01 (Okla. 2014) ("The GTCA is the exclusive means by which a plaintiff can recover from a governmental entity for tort violations based on state law. . . . Compliance with . . . the notice requirement[] is jurisdictional as a matter of substantive Oklahoma law."). Here, Plaintiff has failed to provide any evidence of notice. Therefore, Plaintiff's claim is barred by the GTCA.

### IV. Federal Substantive Law Does Not Apply

Plaintiff improperly cites federal substantive law in his diversity action. Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 35] relies on the Court's ruling in his favor in a prior case. Plaintiff filed a 2013 action under 42 U.S.C. § 1983 against Defendant, and the Court excused Plaintiff from exhausting administrative remedies. *See* Civ Case No. CIV-13-1013 [Doc. 44]. However, Plaintiff brought this case under Oklahoma's GTCA. In a diversity case, federal law determines procedural issues while state law controls substantive issues. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Plaintiff's citation to a prior unrelated ruling carries no weight here.

Plaintiff's argument under the Prison Litigation Reform Act ("PLRA") is likewise without merit. The PLRA imposes an exhaustion requirement on prisoners' federal litigation. *See* 42 U.S.C. § 1997e. Plaintiff, however, brings a state law negligence claim governed by the GTCA, not the PLRA. Again, Plaintiff's GTCA claim fails.

The Court thus ADOPTS the Report and Recommendation. [Doc. 43]. Defendant's Motion to Dismiss [Doc. 33] is therefore GRANTED.

IT IS SO ORDERED this 8th day of September, 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE